UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL LOUIS VEGA,<br><br>        Plaintiff,<br><br>   vs.<br><br>V. MENCHACA, et al.,<br><br>        Defendants. | 1:18-cv-00568-GSA-PC<br><br>**ORDER DENYING APPOINTMENT OF COUNSEL**<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND**<br>**(ECF No. 1.)**<br><br>**THIRTY-DAY DEADLINE TO FILE AMENDED COMPLAINT** |

**I.    BACKGROUND**

Angel Louis Vega ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On April 16, 2018, Plaintiff filed the Complaint commencing this action, which is now before the court for screening. 28 U.S.C. § 1915A. (ECF No. 1.)

**II.    SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III.  SUMMARY OF COMPLAINT

Plaintiff is presently incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California, where the events at issue in the Complaint allegedly occurred. Plaintiff names as defendants V. Menchaca (Supervisor Cook), Sergeant (Sgt.) P. Martinusen, Correctional Officer (C/O) A. Palafox, and Lieutenant (Lt.) E. Burden (collectively, "Defendants").

Plaintiff's factual allegations follow. Defendant, Sgt. Martinusen, conducted an investigation prompted by a pungent odor of inmate manufactured alcohol, a larger plastic container filled with the same liquid, and hairnets filled with more smashed up fruit. Sgt. Martinusen confirmed that it was inmate manufactured alcohol and it was disposed of per institutional policy.

///

///

Plaintiff seeks to expunge all references to the disciplinary charge from Plaintiff's central file because the substance was never tested with a field kit. The Director Operation Manual, CCR section 3290, states in part that field tests "should" be performed on any suspected substance found on institutional property or in the possession or under the control of any inmate, or in the possession or under the control of persons other than inmates who come onto institutional property. Plaintiff is going to a Board of Parole hearing soon.

Defendant Lt. E. Burden should have allowed Plaintiff to have witnesses for his defense. Plaintiff requested as witnesses his boss A. Armenta (Supervisor Cook), Jose Mendoza (Lead Cook), Noriega Irinco (Lead Cook), C/O Davis, and C/O Cruz. These were vital witnesses to Plaintiff's case. They know Plaintiff is a Cook/Lead Cook who would never do anything to jeopardize his parole hearing. Plaintiff had a lot of questions to ask these witnesses and was denied the right. Plaintiff was subject to prejudice during his hearing. Lt. Burden told Plaintiff, "Vega, you know how many years I have known P. Martinusen, we go way back and were good friends." If Burden and Martinusen are good friends, why is Burden hearing my case? This should have been grounds for dismissal.

On September 26, 2017, defendant C/O A. Palafox served Plaintiff with a waiver form stating that Plaintiff had waived his right for an Investigative Employee. Plaintiff never waived his right for an Investigative Employee/Staff Assistant. Defendant Palafox falsified the document. Plaintiff never signed his signature. Another forgery.

Defendant V. Menchaca called Plaintiff a wetback from Mexico and stated, "Come get this Chicken!" He also stated, "I'll fu** you up." His prejudice and talking to Plaintiff in this manner violates Plaintiff's Fourteenth Amendment rights.

Plaintiff requests issuance of a writ, declaratory relief, reversal of the guilty finding on the disciplinary charge, restoration of 120 days credit loss, restoration of 180 days loss of pay, expungement of all references to the disciplinary charge from Plaintiff's central file, appointment of counsel, and reasonable attorney fees.

///

///

## IV. MOTION FOR APPOINTMENT OF COUNSEL

In the Complaint, Plaintiff requests court-appointed counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. At this early stage in the proceedings, the court cannot make a determination that Plaintiff is likely to succeed on the merits. To date, the Court has not found any cognizable claims in Plaintiff's Complaint for which to initiate service of process, and no other parties have yet appeared. Moreover, based on a review of the record in this case, Plaintiff can adequately articulate his claims. Therefore, Plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

## V. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

///

///

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A. Due Process

The Due Process Clause protects against the deprivation of liberty and property without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the

///

existence of a liberty or property interest for which the protection is sought. Id. Protected interests may arise from the Due Process Clause itself or from state law. Id.

Plaintiff alleges that the disciplinary hearing deprived him of good time credits and 180 days of pay. Plaintiff also alleges that his disciplinary charges and conviction may affect his upcoming parole hearing.

### 1. **Forfeiture of Good Time Credits**

Plaintiff alleges that the disciplinary proceeding against him resulted in the forfeiture of 120 days of good time credits.

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). If a § 1983 complaint states claims which sound in habeas, the court should not convert the complaint into a habeas petition. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995). Rather, such claims must be dismissed without prejudice and the complaint should proceed on any remaining cognizable § 1983 claims. See Heck v. Humphrey, 512 U.S. 477, 487-88 (1994); Trimble, 49 F.3d at 585. Here, Plaintiff's claims, either directly or indirectly, challenge the duration of his confinement, a challenge which may be brought only in a petition for a writ of habeas corpus. Therefore, Plaintiff's § 1983 claim for due process based on the forfeiture of good time credits must be dismissed.

Plaintiff has not requested monetary damages as relief in the Complaint. However, in the event that Plaintiff chooses to seek damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. 477 at 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable

///

///

under § 1983." Id. at 488. This "favorable termination" requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits. Edwards v. Balisok, 520 U.S. 641, 643–647 (1997).

Plaintiff's Complaint does not contain any allegations showing that Plaintiff's finding of guilt which resulted in his forfeiture of 120 days of good time credits has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus. Thus, Plaintiff is barred by Heck and Edwards from pursuing a claim for damages under § 1983 concerning the process he was provided which resulted in the forfeiture of good time credits.

Plaintiff shall be granted leave to amend the Complaint to cure the deficiencies in this claim, if he can.

### 2. **Loss of Pay**

Plaintiff alleges that he suffered a loss of 180 days of pay as a result of his disciplinary conviction. Prisoners do not have a constitutional right to prison employment. Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1997); Toussaint v. McCarthy, 801 F.2d 1080, 1094–95 (9th Cir. 1986), cert. denied, 481 U.S. 1069 (1987); Bauman v. Arizona Dep't of Corrections, 754 F.2d 841, 846 (9th Cir. 1985). Having no right to a prison job, an inmate has no right to the wages from a prison job. Hrbek v. Farrier, 787 F.2d 414, 416 (8th Cir.1986).

Because Plaintiff has neither a liberty interest nor a property interest in his prison job or the wages from his prison job, Plaintiff is not entitled to any procedural due process protections in conjunction with this loss. Accordingly, Plaintiff's allegations fail to give rise to a due process claim with regard to the loss of his prison job or wages from his prison job.

### 3. **False Reports, Testimony, or Bias**

Plaintiff alleges that the hearing officer was biased against him, and defendant Palafox falsified a form showing that Plaintiff had waived his right for an Investigative Employee to assist with his disciplinary hearing. Plaintiff alleges that he never signed such a form, nor waived his right for an Investigative Employee or Staff Assistant.

///

There is no due process right to be free from false disciplinary charges or reports. The falsification of a disciplinary report does not state a standalone constitutional claim. Canovas v. California Dept. of Corrections, 2:14–cv–2004 KJN P, 2014 WL 5699750, n.2 (E.D. Cal. 2014); see e.g., Lee v. Whitten, 2:12–cv–2104 GEB KJN P, 2012 WL 4468420, *4 (E.D. Cal. 2012). There is no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986)). "The Constitution demands due process, not error-free decision-making." Jones v. Woodward, 2015 WL 1014257, *2 (E.D. Cal. 2015) (citing Ricker v. Leapley, 25 F.3d 1406, 1410 (8th Cir. 1994); McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983)). Therefore, as a general rule, an inmate has no protected liberty interest against false accusations or having false information placed in his file.

However, allegations that an inmate has been subjected to a false disciplinary report can state a cognizable retaliation when the prisoner alleges that the false disciplinary report was filed in retaliation for his exercise of a constitutional right. See Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997) ("[T]his court has reaffirmed that prisoners may still base retaliation claims on harms that would not raise due process concerns.") Here, however, Plaintiff does not allege that the false report, or hearing officer's bias, was in retaliation for Plaintiff's exercise of a constitutional right. Plaintiff alleges that the hearing officer, Lt. Burden, was biased because he was good friends with Sgt. Martinusen, who conducted the investigation against Plaintiff. Additionally, Plaintiff gives no reason for defendant Palifox's falsification of the document showing that Plaintiff waived his right to an Investigative Employee. Though arguably unfair, Defendants' motives for false reports, or a biased hearing, do not appear to be retaliatory. The full panoply of rights due a defendant in a criminal proceeding do not apply in a prison disciplinary hearing.[1] Thus, under the legal standard described above, Plaintiff fails to state a

---

[1] "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing,

claim based on false reports, or having a biased hearing officer, during his disciplinary proceeding.

### 4. Adverse Effect on Parole Hearing

Plaintiff expresses concern that his disciplinary charge or conviction may adversely affect his upcoming parole hearing. Plaintiff seeks to expunge disciplinary orders filed against him, which he contends may prevent him from being granted parole.

This claim does not implicate the fact or duration of Plaintiff's sentence, and the Ninth Circuit has held that such claims "must be brought, if at all, under 42 U.S.C. § 1983." Nettles v. Grounds, 830 F.3d 922, 925 (9th Cir. 2016) (citing Preiser, 411 U.S. at 487). In Nettles, a California prisoner serving a life sentence appealed the dismissal of his habeas petition, which challenged a prison disciplinary violation. Nettles, 830 F.3d at 924. The prisoner claimed that the failure to expunge the disciplinary violation from his record could affect his eligibility for parole. Id. at 925. After reviewing U.S. Supreme Court decisions after Preiser that distinguish between different types of state prisoner claims, including Justice Scalia's concurrence in Dotson,[2] the Ninth Circuit concluded that because the expungement of the state prisoner's challenged disciplinary record would not "necessarily lead to immediate or speedier release" and would not "necessarily lead to a grant of parole," the claim was not "in the core of habeas" and could not be brought under section 2254. Nettles, 830 F.3d at 935 (emphasis added).

Here, Plaintiff makes a similar claim to that in Nettles, seeking expungement of disciplinary orders that he believes may prevent him from being granted parole. This claim, even if successful, will not necessarily lead to a speedier or immediate release for Plaintiff. Thus, Plaintiff's claims concerning the disciplinary orders' effect on the parole hearing may be brought

---

so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563–71. In addition, "[s]ome evidence" must support the decision of the hearing officer. Superintendent v. Hill, 472 U.S. 445, 455 (1985). The standard is not particularly stringent and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached . . . ." Id. at 455–56 (emphasis added).

[2] Wilkinson v. Dotson, 544 U.S. 74, 125 S.Ct. 1242, 161 L.ED.2d 253 (2005).

under § 1983. However, Plaintiff fails to state such a claim under § 1983 in this case. Here, such a claim is premature because the parole hearing has not yet taken place. While Plaintiff has a protected interest in the process followed at his parole hearing, Plaintiff cannot claim, at this juncture, that the required process was not followed.[3] Consequently, Plaintiff fails to state a cognizable § 1983 due process claim related to his parole hearing.[4]

### B. Equal Protection -- Fourteenth Amendment Claim

Plaintiff brings a claim for violation of his rights to equal protection because he was verbally harassed. Plaintiff alleges that defendant Menchaca called Plaintiff a wetback from Mexico and stated, "Come get this Chicken!" and "I'll fu** you up." (ECF No. 1 at 6 §3.)

"To prevail on an Equal Protection claim brought under § 1983, Plaintiff must allege facts plausibly showing that '"the defendants acted with an intent or purpose to discriminate against [him] based upon membership in a protected class,"' (citing see Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005) (quoting Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001)), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008). However, mere verbal harassment or abuse, including the use of racial epithets, does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero,

---

[3] The procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 12 (1979). Swarthout v. Cooke, 562 U.S. 216, 220-21 (2011). "In Greenholtz, the [Supreme Court] found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Id. at 220. The Court concluded that the prisoners had received the process that was due when they were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied. Id.

[4] If the parole hearing had taken place and parole was denied because of false charges against Plaintiff, then Plaintiff could bring a habeas action to determine if he received the procedural due process he was entitled to for the parole hearing.

830 F.2d 136, 139 (9th Cir. 1987); accord Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996). Therefore, Plaintiff fails to state an equal protection claim.

### C. State Law Claims

Plaintiff alleges violations of Rules of the DOM, California Regulations, and the California Penal Code. Plaintiff is informed that violation of state tort law, state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983. Section 1983 does not provide a cause of action for violations of state law. See Galen v. Cnty. of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007). To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976); also see Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995); Gonzaga University v. Doe, 536 U.S. 273, 279 (2002). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. In this instance, the court fails to find any cognizable federal claims in the Complaint. Therefore, Plaintiff's state law claims fail.

### D. Relief Requested

In the Complaint, Plaintiff requests issuance of a writ, declaratory relief, reversal of the guilty finding on the disciplinary charge, restoration of 120 days credit loss, restoration of 180 days loss of pay, expungement of all references to the disciplinary charge from Plaintiff's central file, and reasonable attorney fees. This relief, as discussed below, is unavailable to Plaintiff in this § 1983 case.

#### 1. Attorney's Fees and Declaratory Relief

Plaintiff has requested reasonable attorney's fees and declaratory relief. With regard to declaratory relief, "[a] declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948); see also Hewitt v. Helms, 482 U.S. 755, 762-63 (1987); Public Affairs Assocs., Inc. v. Rickover, 369 U.S. 111, 112 (1962) (per curiam); Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 533 (9th Cir. 2008). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal

relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985) (en banc) (per curiam). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. A declaration that defendant violated Plaintiff's rights is unnecessary.

With regard to attorney's fees, "In any action or proceeding to enforce a provision of section[] 1983 . . . , the court, in its discretion, may allow the prevailing party . . . reasonable attorney's fees . . . . " 42 U.S.C. § 1988(b). Plaintiff's contention that he is entitled to attorney's fees if he prevails is without merit. Plaintiff is representing himself in this action. Because Plaintiff is not represented by an attorney, he is not entitled to recover attorney's fees if he prevails. See Friedman v. Arizona, 912 F.2d 328, 333 n.2 (9th Cir. 1990), superseded by statute as state in Warsoldier v. Woodford, 418 F.3d 989 (9th Cir. 2005); Gonzalez v. Kangas, 814 F.2d 1411, 1412 (9th Cir. 1987); see also Rickley v. Cnty. of Los Angeles, 654 F.3d 950, 954 (9th Cir. 2011) ("The Court accordingly adopted a per se rule, categorically precluding an award of attorney's fees under § 1988 to a pro se attorney-plaintiff.")

### 2. **Reversal of Charges, Restoration of Credits and Pay, Expungement**

Plaintiff also requests reversal of the guilty finding on the disciplinary charge, restoration of 120 days credit loss and 180 days loss of pay, and expungement of all references to the disciplinary charge from his central file. This relief is not available in this § 1983 action. The Heck doctrine bars § 1983 suits even when the relief sought is prospective, injunctive or declaratory relief, if success in that action would necessarily demonstrate the invalidity of plaintiff's confinement or its duration. 42 U.S.C. § 1983. Martin v. City of Boise, 902 F.3d 1031 (9th Cir. 2018).

## VI. CONCLUSION AND ORDER

The court finds that Plaintiff's Complaint fails to state any claim upon which relief may be granted under § 1983. Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Accordingly, the court will provide Plaintiff an opportunity to file an amended complaint curing the deficiencies identified above.

Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file a First Amended Complaint within thirty days.

///

The First Amended Complaint should be brief, Fed. R. Civ. P. 8(a), and must allege facts showing how each named defendant acted and how the action led to the deprivation of Plaintiff's constitutional rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. Plaintiff must demonstrate that each of the defendants *personally* participated in the deprivation of his rights by their actions. Id. at 676-77 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Also, Plaintiff is not granted leave to add allegations of events occurring after the date he filed the Complaint, April 26, 2018.

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's Complaint is dismissed for failure to state a claim, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Plaintiff is granted leave to file a First Amended Complaint curing the deficiencies identified by the court in this order, within **thirty (30) days** from the date of service of this order;

4. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:18-cv-00568-GSA-PC; and

///

5. If Plaintiff fails to file a First Amended Complaint in compliance with this order within thirty days, the court shall recommend that this case be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: __**December 16, 2018**__  __**/s/ Gary S. Austin**__
UNITED STATES MAGISTRATE JUDGE