UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL LOUIS VEGA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>V. MENCHACA, et al.,<br><br>　　　　Defendants. | 1:18-cv-00568-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL BE DENIED AND THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM (ECF No. 11.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |

**I.　PROCEDURAL HISTORY**

Angel Louis Vega ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On April 16, 2018, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) On December 17, 2018, the court screened the Complaint and issued an order dismissing the Complaint for failure to state a claim, with leave to amend. (ECF No. 10.) On January 7, 2019, Plaintiff filed the First Amended Complaint, which is now before the court for screening. 28 U.S.C. § 1915A. (ECF No. 11.)

**II.　SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. FIRST AMENDED COMPLAINT

### A. Motion for Appointment of Counsel

In the First Amended Complaint, Plaintiff requests the appointment of counsel. (ECF No. 11 at 3, 5.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Plaintiff contends that he needs legal representation because he has been a part of Mental Health Services since 2003, and takes medication. These conditions do not make Plaintiff's case exceptional under the law.

The court has determined that Plaintiff is unlikely to succeed on the merits. By this order the court shall recommend that this case be dismissed for failure to state a claim, without leave to amend. The court has not found any cognizable claims in Plaintiff's Complaint, nor in the Amended Complaint, with which to initiate service of process. Although Plaintiff demonstrated in the original Complaint that he can adequately articulate his claims (ECF No. 10), he fails to state any allegations or claims in the First Amended Complaint. Therefore, Plaintiff's motion for appointment of counsel should be denied.

### B. Plaintiff's Allegations and Claims

Plaintiff is presently incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California, where the events at issue in the First Amended Complaint allegedly occurred. Plaintiff names as defendants, Armenta (Supervisor Cook), Jose Mendoza (Lead Cook), Noriega Irinco (Lead Cook), Correctional Officers (C/O) Davis, and C/O Cruz.

It appears that Plaintiff has changed the nature of the complaint, which is not permitted. Plaintiff was advised in the court's prior screening order that "'although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims.' George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints)." (ECF No. 10 at 13:12-14.) The defendants named in the First Amended Complaint (Armenta, Mendoza, Irinco, Davis, and Cruz) are entirely different from the defendants named

///

in the original Complaint (Menchaca, Martinusen, Palafox, and Burden).  Plaintiff makes no explanation for this discrepancy.

Furthermore, Plaintiff makes <u>no</u> allegations whatsoever in the First Amended Complaint. The First Amended Complaint contains only a list of defendants and a request for appointment of counsel.  Plaintiff was previously advised that to state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law.  <u>Long</u>, 442 F.3d at 1185; <u>see also</u> <u>Marsh</u>, 680 F.3d at 1158.  To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Iqbal</u>, 556 U.S. at 678-79; <u>Moss</u>, 572 F.3d at 969.  Plaintiff has not done so.  Accordingly, the First Amended Complaint should be dismissed for failure to state a claim.

## IV.  CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, the court finds that Plaintiff fails to state a claim upon which relief may be granted in the First Amended Complaint.  Therefore, it is recommended that the First Amended Complaint be dismissed, with prejudice.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires."  Here, the court previously granted Plaintiff leave to amend the complaint, with ample guidance by the court, and Plaintiff has now filed two complaints without stating any claims upon which this case can proceed.  The court is persuaded that Plaintiff is unable to prepare and submit a complaint in compliance with the court's directives.  "A district court may deny leave to amend when amendment would be futile." <u>Hartmann v. CDCR</u>, 707 F.3d 1114, 1130 (9th Cir. 2013).  The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's motion for appointment of counsel be DENIED;

2. This case be DISMISSED, with prejudice, for Plaintiff's failure to state a claim

upon which relief may be granted; and

3. The Clerk be directed to CLOSE this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen days** of the date of service of these findings and recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 2, 2019**          **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE